IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Dale J. Burke, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REMOVE MAGISTRATE** |
| vs. | ) | **JUDGE AND APPEAL FROM MAGISTRATE'S** |
| | ) | **ORDER DENYING MOTION TO AMEND** |
| North Dakota Department of | ) | |
| Corrections and Rehabilitation, | ) | Case No. 1:07-cv-04 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court are defendant Dale Burke's pleadings entitled "Motion to Remove Magistrate Judge from this Civil Action" filed on November 20, 2007, and an "Appeal from Magistrates Ordering Denying Motion to Amend" filed on November 21, 2007. See Docket Nos. 22 and 23. Burke requests that the Court remove this case from the jurisdiction of the magistrate judge and "strike any and all ruling mage by this magistrate judge from this record pursuant to Title 28 § U.S.C.A. 636...." See Docket No. 22. (errors in original).

28 U.S.C. § 636(b)(1)(A) provides as follows:

> (b)(1) Notwithstanding any provision of law to the contrary
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

As support for his motion, Burke contends that he has not consented to have a magistrate judge preside over this civil action, and that the magistrate judge's denial of a motion to amend his complaint amounted to an order to dismiss that was beyond the authority of the magistrate judge pursuant to 28

U.S.C. § 636(b)(1)(A).  See Docket No. 22.  Burke is correct in that he has not consented to have a magistrate judge preside over the case.  However, Burke misinterprets the relevant section of the United States Code to which he cites.  28 U.S.C. § 636(b)(1)(A) expressly allows a magistrate judge to determine any pretrial matters upon designation of a district court judge, absent consent of the parties.

It is clear from the statute that, absent consent, a magistrate judge is precluded from hearing and determining any pretrial matter except "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." Id.  After a thorough review of the record and the pertinent statutory law, it is clear that the magistrate judge has not entered the realm of pretrial matters that require a ruling by a district court judge.

Finally, Burke contends that the magistrate judge "made an illegal and erroneous ruling and made a ruling comparing plaintiff supplemental complaint to the PLRA which solely has to do with a prisoners ability to proceed in forma pauperis." See Docket No. 22. (errors in original).  In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(E), the magistrate judge's order will be set aside only if it is found to be clearly erroneous or contrary to law.  Having carefully reviewed the pleadings and the magistrate judge's order, the Court finds that the decisions were neither clearly erroneous nor contrary to the law.  Accordingly, the Court **DENIES** Burke's "Motion to Remove Magistrate Judge from this Civil Matter" (Docket No. 22) and **DENIES** Burke's "Appeal from Magistrates Order Denying Motion to Amend" (Docket No. 23).

Dated this 21st day of November, 2007.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court