# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Dale Joseph Burke, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| North Dakota Department of | ) | |
| Corrections and Rehabilitation, | ) | Case No. 1:07-cv-004 |
| | ) | |
| Defendant. | ) | |

___

Plaintiff, an inmate at the North Dakota State Penitentiary, filed a pro se complaint with court under 42 U.S.C. § 1983.  His complaint contained eighteen claims.  The court has permitted him to proceed with twelve.[1]

On December 28, 2008, Plaintiff filed a Motion for Order of Discovery.  He seeks a court order compelling Defendants to produce the following:

1. All medical records of Dale Burke pertaining to the assault by inmate Harry Leftbear that occurred on January 16, 2007, including the record of the emergency room visit at Med Center One.

2. Medical record by defendants of Dale J. Burke pertaining to the infection of plaintiffs testicle and epididymis, including but not limited to plaintiffs visit from Med Center One emergency room, on January 4th, 2007.  The entire record of plaintiffs chronic epidiymisitis that cover most plaintiffs stay at North Dakota State Penitentiary.

3. The records of Dale J. Burke held by NDDOCR defendants covering plaintiffs housing, psycho/socio, and disciplinary.

---

[1] The court, after conducting a preliminary screening of the complaint as mandated by 28 U.S.C. § 1915A, allowed Plaintiff to proceed with the following claims: religious discrimination or retaliation and interference with religious practices (Claims 2, 12, 13, and 16); failure to protect/retaliation for filing grievances (Claims 3 and 4); retaliation through refusal to accommodate disability (Claim 6); disability discrimination (Claim 7); failure to provide adequate medical care/deliberate indifference to serious medical needs (Claims 10 and 14); and retaliation by disclosing Plaintiff as confidential informant (Claim 17).  See Docket No. 4.

4. Disciplinary records of inmate Harry Leftbear pertaining to Harry Leftbears numerous assaults on caucasian inmates.

5. The work history of plaintiff Dale Burke.

6. All notes, logs, or any record of the assault on plaintiff by inmate Harry Leftbear which occurred on January 16, 2007.

7. The entire record of the law suit filed by Michael Damron, a copy of the letter released to Damron on January 27th 2003 that caused plaintiff to be labeled and informant.

8. Any record that involve plaintiffs religious rights as a Shaivite Hindu and the record of any hearings that took any of plaintiffs religious, rights service or property.

9. The prison policy that governs the placement of disabled inmate in honor housing.

10. The policy that denies plaintiff sunlight and exercise.

Docket No. 25.

On January 16, 2008, Defendant filed a response in opposition to Plaintiff's motion. Defendant objects on procedural grounds, stating that Plaintiff "has failed to make any attempt to request discovery from the Defendant to secure disclosure without court action." Docket No. 26. It requests that Plaintiff's motion be denied and that Plaintiff proceed in accordance with the Rules of Civil Procedure.

Plaintiff is not excused from complying with the Federal Rules of Civil Procedure by virtue of the fact that he is proceeding pro se. See Ackra Direct Marketing Corp. V. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996). Rigid application of the rules would be unduly harsh in this instance, however, given that the deadline for discovery in this case has lapsed .[2]

The court has in past excused strict adherence to the Rules of Civil Procedure by pro se

---

[2] The court's scheduling order provided that the parties would have until January 1, 2008, to complete fact discovery and to file discovery motions. Docket No. 13.

plaintiffs in discovery matters, particularly when the opposing party is not prejudiced. Such is the case here.

Plaintiff's Motion for Order of Discovery (Docket No. 25) is **DENIED** without prejudice. Also, given Plaintiff's limited resources, the court will not require him to retype his demands with a Rule 34 caption. The court will treat the motion, which has been served on Defendant, as a Rule 34 document request and **ORDERS** Defendant to respond within thirty (30) days and produce within ten (10) days thereafter any unobjected to documents. The court relaxes the discovery deadline, but only for this production request.

Dated this 17th day of January, 2008.

> */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court