**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Dale Joseph Burke, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| North Dakota Department of | ) | |
| Corrections and Rehabilitation, | ) | Case No. 1:07-cv-004 |
| | ) | |
| Defendant. | ) | |

On August 4, 2008, the court conducted a telephonic status conference in the above-captioned action to address the parties' pending motions. The plaintiff, Dale Joseph Burke ("Burke"), appeared pro se. Attorney Michael Pitcher appeared on the Defendant's behalf.

**I.   MOTION FOR PRODUCTION OF DOCUMENTS**

On March 11, 2008, Burke filed a Request for Production of Documents. He sought a court order compelling the Defendants to provide the court with copies of inmate Harry Leftbear's disciplinary records pertaining to assaults on Caucasian inmates and that the court then review the documents and pass on to Burke the "statistics" regarding the same. He also requested that the court order the Defendant to turn over the entire record of the lawsuit filed by Michael Damron. On May 10, 2008, he filed a motion requesting, inter alia, additional discovery regarding respect to his disciplinary conviction.

On June 24, 2008, the court granted Burke's request in part and directed the Defendant to provide Burke with copies of the records from the Damron lawsuit. Additionally, it ordered the Defendant to submit regarding Burke's disciplinary conviction as well as the disciplinary records

1

of inmate Harry Leftbear to the court in camera with a statement as to why the release of their would jeopardize the safety North Dakota State Penitentiary ("NDSP") staff.

On July 3, 2008, the Defendant filed an ex parte response to the court's aforementioned order. Therein it summarized Leftbear's disciplinary convictions. It also indicated that it had provided Burke with the Michael Damron lawsuit records along with Burke's administrative conviction per the court's instructions.[1]

The Defendant advised the court during the status conference on August 4, 2008, that the release of its summary of Leftbear's disciplinary convictions will not pose any safety concerns. Accordingly, the court **ORDERS** the Defendant to provide Burke with a copy of its ex parte response that includes the summary of Leftbear's disciplinary convictions it provided to the court. The court further **ORDERS** that Burke shall not distribute this summary or otherwise disclose its contents to any other inmates.

## II.    MOTION TO STRIKE

Burke claimed that NDSP officials falsely drafted a letter address to them in Burke's name containing negative information about another the inmate Michael Damron. Burke further claims that NDSP officials, and specifically Warden Schuetzle, released a copy of the letter to inmate Damron during a federal lawsuit brought by Damron, which included as defendants several of the same defendants who are named in this action. Finally, he claimed that NDSP officials released the letter so that he would be identified in the prison population as a "snitch" and be subject to harm in order to get back at him for having prevailed in his earlier civil action.

---

[1] During the telephone conference on August 4, 2008, Burke confirmed that he had received these materials.

In its order dated June 24, 2008, the court observed that evidentiary material accompanying the Defendant's motion for summary judgment strongly suggested that Burke had authored the "Damron letter." Presumably in response to the court's observation, filed what was styled as a Motion to Strike. Therein he essentially conceded to drafting the "Damron letter" and requested leave of court to excise language from his first amended complaint alleging otherwise. The Defendant have advised the court that it has no objection to Burke's motion. Accordingly, the court **GRANTS** the Motion to Strike (Docket No. 55). In lieu of requiring Burke to file another amended complaint, the court directs the Clerk's office to attach a copy of Burke's Motion to Strike along with a copy of this order to and refile to Burke's first amended complaint and then file it as Burke's second amended complaint.

### III.   MOTION FOR SUMMARY JUDGMENT

Pursuant to its discussion with the parties on August 4, 2008, the court **ORDERS** that Burke has until September 5, 2008, to file a response to the Defendant's Motion for Summary Judgment.

Dated this 4th day of August, 2008.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court