**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Dale Joseph Burke, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION FOR TEMPORARY** |
| | ) | **RESTRAINING ORDER** |
| vs. | ) | |
| | ) | |
| North Dakota Department of | ) | Case No. 1:07-cv-04 |
| Correction and Rehabilitation, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Plaintiff's "Motion for Immediate Temporary Restraining Order" filed on October 24, 2008. See Docket No. 67. For the reasons set forth below, the motion is denied.

**I.      BACKGROUND**

The plaintiff, Dale Joseph Burke, is an inmate at the North Dakota State Penitentiary (NDSP) who initiated a civil rights action under 42 U.S.C. § 1983 on January 23, 2007. See Docket Nos. 1 and 2. Burke now seeks a temporary restraining order against Kathy Bachmeier, the medical director at the NDSP. Burke requests that the Court order Bachmeier "to treat Plaintiffs (sic) testicle pain and allow Plaintiff to purchase a new jock strap." See Docket No. 67. Burke contends that he has chronic testicular pain and that he uses the jock strap to lessen the pain. Burke also requests that the Court order the North Dakota Department of Correction and Rehabilitation (NDDOCR) staff to "stop their campaign of harassment against the complainant," and requests an evidentiary hearing on the matter. See Docket No. 67.

According to Burke, on October 15, 2008, Officers Hieght, Bailey, and Hobbotter searched

Burke's cell and removed his jock strap and legal records from the cell.  Burke contends that he requested the medical department to issue him another jock strap, but they denied the request because Burke's medical card had expired.  In response, Burke sought approval from Warden Tim Schuetzle to purchase additional jock straps, noting that he had a valid medical card.  Burke contends that Warden Schuetzle approved Burke's request to purchase a jock strap, but Bachmeier has not yet allowed the purchase.

## II.     LEGAL DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders.  Pursuant to Rule 65(b), the Court must look to the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant.  In determining whether to issue injunctive relief, the Court is required to consider "(1) the threat of irreparable harm to the moving party; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant if the injunction is denied and the harm to other parties if the injunction is granted; and (4) the public interest."  Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (citing Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*)).

The burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant.  Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994).  "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction."  Id. (quoting Calvin Klein Cosmetics Corp. v. Lenox Laboratories, Inc., 815 F.2d 500, 503 (8th Cir. 1987).

The Court has carefully considered Rule 65 of the Federal Rules of Civil Procedure, and finds that Burke has failed to meet his burden. None of the Dataphase factors weigh in favor of granting an injunction in this case.

First, the circumstances do not indicate a substantial threat of irreparable injury. Burke contends that he suffers from chronic testicular pain and that if Bachmeier does not treat the pain and allow him to purchase a jock strap, he will suffer irreparable damage. Burke has failed to provide any supporting exhibits or medical evidence to show that he suffers from the condition at issue. Accordingly, Burke has failed to establish irreparable harm.

Second, because the relief sought by Burke goes directly to the manner in which the penitentiary operates, the request for a temporary restraining order must be viewed with caution and judicial restraint. Decisions pertaining to the necessary and proper medical treatment of inmates, absent an allegation of intentional neglect or mistreatment, should be left to the judgment of the medical prison personnel. See Seward v. Hutto, 525 F.2d 1024, 1024 (8th Cir. 1975). Burke's petition for a temporary restraining order evidences a mere disagreement with Bachmeier as to what is necessary and proper for his medical care.

Third, the granting of injunctive relief in this case would not serve the public interest. The public has a strong interest in the safe, efficient, and orderly operation of its prison system. See, e.g., Meachum v. Fano, 427 U.S. 215, 228-29 (1976). This interest is furthered by according deference to the judgment of prison officials.

Fourth, Burke has not demonstrated a likelihood of success on the merits. The probability of success on the merits is questionable at best. There has been no credible medical evidence

3

presented to suggest that Burke will suffer irreparable injury if his requests go unfulfilled in the short term.

### III.     CONCLUSION

Having carefully considered the Plaintiff's motion for a temporary restraining order, the Court finds that Burke has failed to meet his burden under Rule 65 of the Federal Rules of Civil Procedure. The Dataphase factors do not weigh in favor of granting injunctive relief in this case at this stage. For the reasons set forth above, the motion (Docket No. 67) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2008.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court