IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Dale Joseph Burke,                 ) | |
|                         ) | **ORDER FINDING AS MOOT** |
|         Plaintiff,             ) | **PLAINTIFF'S MOTION TO QUASH** |
|                         ) | **AND GRANTING PLAINTIFF'S** |
|     vs.                     ) | **MOTION TO ENFORCE** |
|                         ) | |
| North Dakota Department of Correction     ) | |
| and Rehabilitation,             ) | Case No. 1:07-cv-004 |
|                         ) | |
|         Defendant.             ) | |

     On June 10, 2009, the plaintiff, Dale Burke, filed an appeal of an adverse judgment in this action. See Docket No. 94. On July 8, 2009, the Eighth Circuit Court of Appeals remanded the case to this Court for the limited purpose of determining in forma pauperis status and calculating the appellate filing fees in accordance with the ruling in Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997). See Docket No. 97. On July 16, 2009, the Court issued an order directing the Clerk of the District Court to send Burke a "PLRA Request to Plaintiff" form and inform Burke that he must either pay the filing fee of $455.00 or submit local forms B and C to determine in forma pauperis status. See Docket No. 98. The Court gave Burke until August 3, 2009, to either pay the appellate filing fee in full or submit local forms B and C, and indicated that a failure to do so would result in the Court ordering an initial partial appellate filing fee of $35.00. On August 11, 2009, the Court assessed an initial partial filing fee of $35.00 because Burke failed to comply with the Court's July 16, 2009, order. See Docket No. 100.

     On August 14, 2009, Burke filed a "Motion to Quash Order Issued by this Court." See Docket No. 102. Burke states,

> Plaintiff filed a motion of appeal with this court and indicated that his mother would send the filing fee. Plaintiffs mother was unable to pay the filing fee.
>
> Plaintiff was not qualified to file undewr forma pauperis, because he has had three prior dismissal for failure to state a claim. So plaintiff did not submit the local form A and B.

> . . .
>
> Plaintiff would now move this honorable court to with draw his appeal and withdraw the order to collect said filing fee. This was a misunderstanding and the plaintiff hope th withdraw the order to collect a filing fee and issue another order telling the prison that it will not collect any funds from plaintiff.

See Docket No. 102 (errors in original).

On August 18, 2009, Burke filed a "Notification to the Court of Violation of Court Order, by Defendants Agent Tammy Schroeder Accountech II." See Docket No. 103. In the notice, Burke complains that North Dakota State Penitentiary employee Tammy Schroeder did not withdraw the funds from his inmate spending and release aid accounts in accordance with the Court's August 11, 2009, order. Burke states,

> On August 11, 2009 this Court in the above entitle cause issued an order for payment of appeal filing fee by plaintiff of $455.00. tThis order was directed at North Dakota State Penitentiary official to withdraw 20% of any funds over $10.00 from plaintiffs inmate spending account and inmate release aid account.
>
> . . .
>
> On August 14, 2009 plaintiff directed a request at Tammy Schroeder asking how much money was taken from his release aid account. It showed that Tammy Schroeder was blatantly ignoring said court order. She did not take 20% from plaintiffs release aid account balance of $267.78, Schroeder should have taken around $54.00 fromplaintiffs release aid account.
>
> Plaintiff now ask that this court enforce it's court order, and direct it at Tammy Schroeder to follow said order.

See Docket No. 103 (errors in original). The Court will treat Burke's notice as a motion to enforce the Court's August 11, 2009, order.

The Court **FINDS AS MOOT** Burke's "Motion to Quash Order Issued by this Court" (Docket No. 102). It appears that Burke wishes to proceed with his appeal. Even if Burke intends to withdraw his appeal, he is required to pay the appellate filing fee. See Goins v. Decaro, 241 F.3d 260, 261 (2d Cir.

2

2001) ("The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an appeal is withdrawn . . . . [F]ee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals, and nothing in the PLRA suggests that Congress, after making prisoners liable for filing fees, wanted to give them a refund opportunity not available to others.").

The Court **GRANTS** Burke's motion to enforce the Court's August 11, 2009, order (Docket No. 103) as follows:

1) Burke has been assessed an initial filing fee of $35.00 payable to the Clerk of the District Court. The remaining filing fee owed shall be paid to the Clerk of the District Court from Burke's inmate spending account[1] in accordance with the payment plan set forth in 28 U.S.C. § 1915(b)(2). The institution where Burke is incarcerated (North Dakota State Penitentiary) is required to post payments in an amount of 20% of each future month's income placed in Burke's inmate spending account. Payments shall be made each time the amount in Burke's inmate spending account exceeds $10.00 and continue until the statutory filing fee of $455.00 is paid in full.

2) A notice of this obligation shall be sent to Burke and the appropriate prison official.

**IT IS SO ORDERED.**

Dated this 25th day of August, 2009.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

---

[1] It should be noted that funds for the filing fees should only be withdrawn from the inmate's spending account. The Court had previously ordered that funds also be withdrawn from the inmate's release aid account which was an error.